**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

In re:

HUNTS POINT ENTERPRISES LLC

          Debtor.

Chapter 11

Case No. 20 -_____ (    )

-------------------------------------------------------------------X

### AFFIDAVIT OF MARK RIMER PURSUANT TO RULE 1007-4 OF THE LOCAL BANKRUPTCY RULES FOR THE EASTERN DISTRICT OF NEW YORK

I, Mark Rimer, pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct as of this 23rd day of June, 2020:

1. I am a member of the senior management of and an investor in Hunts Point Enterprises LLC, a Delaware limited liability company the debtor and debtor-in-possession herein (the "Debtor"). In that capacity, I am familiar with the Debtor's day-to-day operations, businesses, financial affairs, and books and records.

2. I submit this declaration (the "Declaration") pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this Chapter 11 Case and in support of Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") filed on the date hereof (the "Petition Date").

3. Except as otherwise indicated, all facts set forth in this affidavit are based upon my personal knowledge, my discussions with other members of the Debtor's senior management, my review of relevant documents, or my opinion based upon experience, knowledge, and information

1

concerning the operations and financial affairs of the Debtor. In making this Declaration, I have relied in part on information and materials that the Debtor's advisors have gathered, prepared, verified and provided to me, in each case under my ultimate supervision, at my direction, and/or for my benefit in preparing the Declaration. If called upon to testify, I would testify competently to the facts set forth in this affidavit. I am authorized to submit this affidavit on behalf of the Debtor.

4. Debtor is commencing this case by filing a petition for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Chapter 11 Case").

5. A Copy of Debtor's board resolution authorizing the filing of this Chapter 11 Case is attached to the petition and incorporated by reference herein. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

6. Debtor is currently operating its businesses and managing its affairs as debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

7. No creditors' committee has been formed and no trustee or examiner has been appointed.

8. Debtor does not have any publicly held shares, debentures, or other securities.

9. Debtor's assets consist primarily of ownership interests in subsidiaries, office fixtures and equipment, and accounts receivable attached to management rights.

10. Debtor maintains an office, along with its books and records, at 359 Van Brunt St, Brooklyn, NY 11231.

11. Debtor obtained a secured credit facility from Internex Capital Funding, LLC 205 E 42nd Street, 20th Floor New York, NY 10017 as a funding mechanism to provide capital for use by operating companies in which it holds ownership interests and management rights.

12. There is presently a dispute between one of Debtor's wholly owned subsidiaries and a former key employee who was also the seller in an asset purchase funded by Debtor (the "Seller"). This party is claiming that subsequent payments, allegedly secured by Debtor's assets, are due and payable, which Debtor disputes.

13. Seller indicated that it is commencing an action against the subsidiary and Debtor for the deemed payment, and for default of the applicable transaction documents.

14. Should Seller prevail in this action, the payments will accelerate leaving the subsidiary insolvent. Seller will seek to foreclose on the disputed security interest, which is one of Debtor's core assets.

15. While Debtor has been in constant communication with the Seller to try and negotiate a settlement along with his return to the company, those negotiations have not been successful, and the parties remain deadlocked with respect to the calculation of future payments.

16. This dispute, coupled with unprecedented downturn brought about by COVID-19 and the challenge of recapturing lost business without the involvement of Seller, has left the Debtor in a precarious financial position.

17. Immediately prior to the coronavirus pandemic, Debtor's subsidiaries employed more than 80 people servicing the supply and distribution of fresh, made-to order baked goods to hundreds of hotel and restaurant customers.

18. Then on March 16, 2020, pursuant to Governor Andrew Cuomo's previously declared disaster emergency for the entire state of New York, restaurants and bars were prohibited

from serving customers on premises. The sudden and unexpected closure order caused most hotels, restaurants and catering halls to immediately cease operations. Those which remained opened dramatically reduced their ordering. The majority stopped placing orders altogether and stopped making payments on past invoices. Debtor's subsidiaries likewise stopped making payments on pre-pandemic amounts owed to its suppliers and to Debtor, leaving Debtor in financial straits.

19. Over these past three months, debts have continued to mount. The Debtor's immediate need for relief in this Court stems from (a) the unperfected, disputed security interest of Seller, (b) amounts due to lenders, and (c) Debtor's inability to address other past due debts. Debtor filed this Chapter 11 Case to be able to continue operating and supporting its subsidiaries in the face of mounting liabilities, and to thereby maximize value for the benefit of all stakeholders. While the Debtor has continued to explore a number of strategic alternatives, no viable alternatives are available to Debtor at this time.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true correct.

Dated: June 23, 2020
New York, New York

Name: Mark Rimer
Title: Authorized Officer
Kuzari Manager 27323 LLC