UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
In re:                                                         : Chapter 11
                                                               :
HUNTS POINT ENTERPRISES LLC, FKA BKD                           : Case Nos. 20-42393 (AST)
HOLDINGS, LLC, AND                                             :            20-42673 (AST)
FEATHERSTONE DISTRIBUTION, LLC                                 :
                                                               :    (Jointly Administered)
                                                               :
Debtors.                                                       :
                                                               :
                                                               :
-------------------------------------------------------------- x

## ORDER DISMISSING FEATHERSONE DISTRIBUTION, LLC, AND SETTING COMPETING PLANS PROTOCOLS FOR HUNTS POINT ENTERPRISES LLC

Pursuant to the Order Setting Evidentiary Hearing by Video Conference and Establishing Related Deadlines [Dkt No. 120], Hunts Point Enterprises LLC ("HP" or the "HP Debtor"), Featherstone Distribution LLC ("FD" or the "FD Debtor" and together with HP Debtor, the "Debtors"), Joel Schonfeld ("Schonfeld"), Featherstone Foods, Inc. ("Featherstone") and Sesame Distribution Inc. ("Sesame" and together with Featherstone jointly the "Schonfeld Creditors"), this Court set an evidentiary hearing to consider, *inter alia*, whether these cases should remain in chapter 11 and/or whether to allow competing plans to be filed. The parties submitted trial exhibits, filed witness affidavits, and filed a statement of undisputed facts. The hearing was conducted on March 15, 2021, at which Debtors and the Schonfeld Creditors appeared, along with the United States Trustee, Yann Geron, Esq., the subchapter V Trustee of FD and previously the subV trustee of HP, and counsel for secured creditor Internex Capital Funding, LLC. Following conclusion of the hearing, the Court stated its findings of fact and conclusions of law on the record, in accordance with Bankruptcy Rule 7052, and determined that the FD case

1

should be dismissed, and the HP case should proceed to competing plans of reorganization. This Order summarizes the Court's finding and conclusions and implements that ruling.

**Pre-petition significant events**

FD is a distributor of bakery goods in the tri-state area. Prior to restrictions imposed by Governor Cuomo (the "Restrictions") related to the Covid-19 pandemic (the "Pandemic"), FD was the primary wholesale distributor of baked goods from approximately 20 to 30 independent bakeries to an average of more than 500 retail food service customers daily. FD has two primary lines of business: (i) purchasing fresh, artisanal bakery products from bakeries in the area, selling and delivering them to hotels, restaurants, grocery stores and other food service businesses utilizing the FD Debtor's fleet of approximately 30 vehicles and (ii) delivering certain local bakeries' products to their hotel, restaurant, grocery store and other food service business customers for a fee. FD also works with customers to design custom programs (such as pastry and sandwich programs) to suit their business requirements.

FD, Sesame and Schonfeld are parties to that certain Asset Purchase Agreement, dated as of July 10, 2019 (the "APA") pursuant to which FD acquired substantially all the assets of Featherstone and Sesame. The aggregate purchase price was $5,300,000, of which $750,000 was payable in cash at the closing and $4,550,000 was payable in six annual installments. The APA was entered into concurrently with the Consulting Agreement, dated December 2, 2019, between FD and Schonfeld (the "Consulting Agreement"). Pursuant to the Consulting Agreement, FD engaged Schonfeld to render consulting services for a period of thirty-six (36) months. As consideration for his services, FD agreed to pay Schonfeld compensation of $300,000 per year in $25,000 monthly installments, plus annual commissions and expenses.

In April 2020, FD was able to obtain a small business administration ("SBA") loan pursuant to the federal government's "payroll protection program" (the "PPP1 Loan") from JPMorgan Chase Bank, N.A. ("Chase") as a result of the CARES Act. The PPP1 Loan was in the amount of $1,025,830.

On April 28, 2020, FD terminated the Consulting Agreement.

HP's assets consist primarily of ownership interests in subsidiaries, including FD.

Neither Debtor appears to be operating profitably, and both have juggled a significant number of vendor and employee payments.

**Post-petition significant events**

On June 24, 2020, HP Debtor (*fka* BKD Holdings, LLC) filed a proceeding under chapter 11 (the "HP Petition Date"). HP initially designated itself as a small business under Section 101(51D).

On July 20, 2020, FD Debtor filed a proceeding under chapter 11 (the "FD Petition Date"). FD initially made the election to be treated as a subchapter V debtor (a "subV debtor"). HP is the 100% parent company of FD.

On August 6, 2020, an Order granting Debtors' motion for joint administration of HP and FD was entered, with HP as the lead case. [dkt item 29]

This Court approved a debtor-in-possession financing facility (the "DIP Facility") from the Debtors' prepetition secured lender, Internex Capital Funding, LLC (the "Secured Lender") by order dated August 17, 2020 [Dkt. No. 34]. The DIP Facility is a secured, post-petition, super-priority revolving credit facility of up to $1,000,000.00 for use in the conduct of Debtors'

ongoing business operations. The Secured Lender was granted post-petition security interests in all the assets of the Debtors constituting the Secured Lender's pre-petition collateral and the proceeds thereof. Mark Rimer guaranteed approximately $275,000 of the DIP Facility. The Debtors' pre-petition secured debt facility, in the amount of approximately $840,000, was paid in full by the DIP Facility.

On August 27, 2020, HP filed its motion to convert its chapter 11 case to a subV case. [dkt item 53] No order was entered thereon.

On October 30, 2020, HP Debtor amended its voluntary petition to convert its Chapter 11 case to a case under Subchapter V of the Small Business Reorganization Act ("SBRA").

On November 1, 2020, HP refiled its petition electing to proceed as a subV debtor, and filed a letter withdrawing the Motion to Convert. [Dkt. Nos. 72-73]

On November 4, 2020, the Schoenfeld Creditors filed a motion seeking de-designate the Debtors' cases from Subchapter V, SBRA, or, in the alternative, to dismiss the Bankruptcy Cases, among other relief [Dkt. No. 76] (the "Schonfeld Motion to Dismiss").

On December 21, 2020, Congress passed the Consolidated Appropriations Act, 2021 (the "Act"), a $900 billion relief bill designed to aid American households and small businesses struggling with the economic effects of the Pandemic. The bill was signed into law on December 27, 2020. The Act authorizes the SBA to disburse additional PPP loans. Debtors assert that FD is eligible for a PPP loan but not if it or HP are in bankruptcy.

The HP case was de-designated back to a small business Chapter 11 case by order of the Bankruptcy Court dated February 4, 2021 [Dkt. No. 113].

4

On February 19, 2021, the Schonfeld Creditors filed the Creditors Plan of Reorganization for HP [Dkt. No. 125] (the "Schonfeld Plan").

On March 10, 2021, the Schonfeld Creditors withdrew their request to dismiss the Bankruptcy Cases [Dkt. No. 148].

**Extensive claims related litigation by the parties**

In addition to the numerous motions listed above, these cases have also involved substantial claims litigation as well as adversary proceedings that have been filed and/or removed to this Court. These are highly litigious chapter 11 cases. Debtors and the Schonfeld Creditors have incurred hundreds of thousands of dollars in legal and professional fees.

For example, on October 16, 2020, Schonfeld filed a proof of claim against FD asserting a claim in the aggregate amount of $3,383,100 comprised of: (a) $825,000 in future wages; (b) $900,000 in future commissions; (c) $158,100 in unreimbursed expenses; and (d) $1,500,000 in estimated attorneys' fees, each alleged to be owed under the Consulting Agreement [Claim No. 13] (the "Schonfeld Claim"). On October 16, 2020, the Schonfeld Creditors filed proofs of claim against HP [Claim No. 4] and FD [Claim No. 14] asserting two claims, each in the aggregate amount of $6,050,000.00 comprised of: (a) accelerated installment payments alleged due under APA section 2.05(b) in the aggregate amount of $4,550,000.00 and (b) estimated attorneys' fees due under the Consulting Agreement in the amount of $1,500,000.00 (jointly, the "Schonfeld Creditor Claims"). The Schonfeld Creditors allege that the Schonfeld Creditor Claims against HP Debtor are secured by a pledge by HP Debtor of its equity interests in FD Debtor.

The Schonfeld Creditors filed adversary proceeding no. 20-01125 against HP seeking a declaratory judgment determining the nature, extent and validity of this alleged secured interest.

HP filed an answer opposing the declaratory judgment and the adversary proceeding remains pending.

On December 15, 2020, the Debtors filed objections to the Schonfeld Claim and the Schonfeld Creditor Claims [Dkt. Nos. 91 and 92] (jointly, the "Schonfeld Claim Obj.").

FD filed an adversary proceeding (docketed as 20-1088) seeking injunctive relief to enforce the Restrictive Covenants. FD sought and was granted a temporary restraining order on August 5, 2020. This case was consolidated with adversary proceeding 20-1121 under the adversary proceeding no. 20-1088. On January 21, 2021, the Court declined to extend the temporary restraining order and stated that it would not be entering any further restraint or granting additional injunctive relief.

This Court ordered Debtors and the Schoenfeld Creditors to mediation. Despite several sessions over several months, these parties were unable to settle.

On January 19, 2021, FD initiated an adversary proceeding no. 21-1006, in which it asserted several breach of contract claims arising from the Schonfeld Creditors' failure to pay the working capital adjustment in breach of the APA, seeking a declaratory judgment and damages.

Debtors initially opposed the Schonfeld Motion to Dismiss [Dkt. No. 101], but on February 9, 2021 filed their own request that the Court dismiss the Bankruptcy [Dkt. No. 114-115].

**Relief granted**

The Debtors did not meet their burden of showing that the HP creditors are better served by dismissal than continuing to have the HP case administered by this Court as a small business case. Therefore, the Debtors' Motion to Dismiss as to HP is denied.

The Schoenfeld Creditors did not meet their burden of proving that FD owed eligible debts that exceed the statutory debt cap of $7,500,000, including affiliate debts. Therefore, the request to de-designate FD as a subchapter V debtor is denied. As a small business debtor, once exclusivity has terminated, any party-in-interest may file a plan of reorganization.

However, allowing the FD case, which revolves substantially around a two-party dispute, to continue as a subchapter V debtor would be an abuse of the subchapter V provisions. As a subchapter V debtor, only FD could file a plan of reorganization, but it no longer wishes to do so. Therefore, cause exists to dismiss the FD case under Section 1112; that case will be dismissed upon payment of any compensation allowed to Mr. Geron as subV Trustee of FD. The dismissal of the FD case will be with prejudice and FD will be prohibited and enjoined from the filing of a subsequent petition under chapter 7, 13 and/or 11 of the Bankruptcy Code in any jurisdiction for a period of one (1) year from the date of that dismissal order, except that FD may move for relief from that order based upon changed circumstances or for good cause shown, after notice and a hearing.

Thus, the Court sets the following protocols and deadlines:

**FD**

On or before **April 2, 2021**, Mr. Geron shall file a fee application for his services in the FD case by presentment. Once this Court has ruled on his fee application and he confirms

7

receipt of payment, FD may submit an Order of dismissal with prejudice. In the alternative, Mr. Geron and FD may submit a stipulation for payment of Mr. Geron, with consent of the UST. Once approved and Mr. Geron confirms receipt of payment, FD may submit an Order of dismissal with prejudice.

**HP**

On or before **April 2, 2021**, HP and the Schonfeld Creditors shall each file a Combined Disclosure Statement and Plan of Reorganization and contemporaneously email notice of the filing thereof and a proposed Order fixing confirmation hearing and setting deadlines to ast_hearings@nyeb.uscourts.gov  If timely filed, a hearing thereon shall be set for **May 5, 2021 at 2:00 p.m.** . The Plan and Disclosure Statement shall conform to Official Forms 425A and 425B, and the proposed Order shall conform, in pertinent part, to Official Form 3130S, except that conditional approval of the disclosure statement(s) shall not be provided.



**Dated: March 25, 2021**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**